**DLD-291**                                                                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2727
_____

IN RE: MANUEL LAMPON-PAZ,
                                                                            Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court for the
District of New Jersey
(Related to D.C. Civ. No. 13-cv-05757)
_____

Submitted Pursuant to Fed. R. App. Pro. 21
June 26, 2014

Before:  SMITH, HARDIMAN and NYGAARD, Circuit Judges

(Opinion filed: July 31, 2014)
_____

OPINION
_____

PER CURIAM

Appellant Manuel Lampon-Paz, who currently has an appeal pending in this Court

in *Lampon-Paz v. Dep't of Homeland Security*, C.A. No. 14-1501, D.C. Civ. No. 13-cv-

05757, has filed a petition for writ of mandamus.  For the reasons that follow, we will

deny the petition.

In the civil action at issue, Lampon-Paz alleged that the federal defendants used certain methods, including electronic devices, electromagnetic waves, ultrasonic messaging, and brain mapping to cause him and his family harm. The injuries enumerated included invasion of privacy, investigations, causing harm to his marriage and other close relationships, causing difficulties for his son at school, having work papers stolen, causing him to have permanent injury to his back, knee and heart, and having someone call his son an "idiot" in his ear in a soft tone. Lampon-Paz demanded that the federal defendants cease and desist all investigations and invasions of privacy. He also sought money damages. The defendants moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to state a claim. In an order entered on January 23, 2014, the District Court granted the defendants' motions and dismissed the civil action with prejudice. Lampon-Paz appealed, and his appeal is currently pending. He has filed numerous motions in his pending appeal for injunctive and other relief.

In this mandamus petition, Lampon-Paz asks that we direct the Attorney General to appoint a Special Counsel or an Independent Investigator pursuant to 28 C.F.R. § 600.1 to investigate the United States Attorney's Office for the District of New Jersey. Lampon-Paz claims that, at the behest of the U.S. Attorney's Office, he was placed into medical treatment in the care of the Public Health Service. "Illegal medical procedures" were "done to" him. Petition, at 4. He alleges that he has requested an investigation, but the U.S. Attorney's Office, in collusion with the State of New Jersey, has refused to cooperate with him. In addition to the appointment of Special Counsel, Lampon-Paz

2

seeks to have the "assault of his wife and child" investigated, to have the current medical treatment cease immediately, and to have his privacy restored. Petition, at 9.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Therefore, "mandamus is not a substitute for appeal and a writ of mandamus will not be granted if relief can be obtained by way of our appellate jurisdiction." In re: Chambers Development, Inc., 148 F.3d 214, 226 (3d Cir. 1998) (citing In re: Ford Motor Co., 110 F.3d 954, 964 (3d Cir. 1997)). The instant petition for writ of mandamus is denied to the extent that Lampon-Paz is seeking the same relief he may obtain by appealing the District Court's decision in *Lampon-Paz v. Dep't of Homeland Security*, C.A. No. 14-1501, D.C. Civ. 13-cv-05757.

To the extent that Lampon-Paz is seeking the appointment of a Special Counsel or Independent Investigator, the petition is also denied. To justify the use of the extraordinary remedy of mandamus, a petitioner must show, among other things, a clear and indisputable right to the writ. See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992). Under § 600.1(a), Special Counsel is appointed when the Attorney General determines that a criminal investigation is warranted, a conflict of interest or other extraordinary circumstance prevents the Department of Justice from conducting the investigation and prosecution, and the public interest is served by the appointment of an

3

outside Special Counsel. Lampon-Paz has not shown a clear and indisputable right to have the U.S. Attorney's Office for the District of New Jersey investigated.[1]

For the foregoing reasons, we will deny the petition for writ of mandamus. Appellant's motion for leave to file an amended complaint is denied.

---

[1] In a supplement to his petition, Lampon-Paz complains of delay by the Office of Personnel Management in regards to his retirement benefits. The delay alleged does not warrant the extreme remedy of mandamus. See Kerr, 426 U.S. at 402. He has also incorrectly stated that this mandamus petition has been sealed; it has not been sealed.